**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION**

**JANET E. JORDAN, Individually and
As Administrator for the Estate of
Clara A. Jordan**                                                    **PLAINTIFF**

**VS.**                              **CIVIL ACTION NO. 1:17-cv-104-MPM-DAS**

**STATE FARM FIRE AND
CASUALTY COMPANY**                                          **DEFENDANT**

## <u>ORDER</u>

This cause is before the Court on Plaintiff's Motion to Quash subpoenas duces tecum

served on Defendant's expert, Andrew M. Dyess, and the expert's company, Gulf States Claims

Services, LLC. Plaintiff alternatively asks for an order modifying the subpoenas duces tecum.

The only objection Plaintiff has to the subpoenas duces tecum is to the following request:

> 4. "All correspondence received by or sent from [you, as to Mr. Dyess, or
> the company, as to Gulf States], and Ms. Janet Jordan's counsel or attorney(s),
> including but not limited to Bill Griffin of Sessums Dallas, PLLC, o[r] anyone
> acting on their behalf, regarding the property located at [address], at any time
> from April 28, 2014[,] to the present."

Plaintiff concedes there would be no objection had Defendant limited the time period

specified from April 28, 2014, to April 27, 2017—the date litigation commenced—rather than

"to the present."

Plaintiff argues "to the present" encompasses communications, if any, exempt from

discovery under Fed. R. Civ. Proc. 26. Particularly, Rule 26(b)(4)(C) provides that

> Rules 26(b)(3)(A) and (B) protect communications between the party's attorney
> and any witness required to provide a report under Rule 26(a)(2)(B), regardless of
> the form of the communications, except to the extent that the communications:

> (i)        relate to compensation for the expert's study or testimony;

(ii)     identify facts or data that the party's attorney provided and that the expert considered in forming the opinions to be expressed; or

(iii)    identify assumptions that the party's attorney provided and that the expert relied on in forming the opinions to be expressed.

Defendant argues that the information requested "to the present" is discoverable because Rule 26 provides that an expert must provide "all data and other information considered" by the expert in forming his opinion. However, Defendant relies on an outdated version of Rule 26. Rule 26 was amended in 2010, and the Advisory Committee Note on that amendment explains that

> [Rule 26] is amended to provide that disclosure include all "facts or data considered by the witness in forming" the opinions to be offered, rather than the "data or other information" disclosure prescribed in 1993. This amendment is intended to alter the outcome in cases that have relied on the 1993 formulation in requiring disclosure of all attorney-expert communications and draft reports. The amendments to Rule 26(b)(4) make this change explicit by providing work-product protection against discovery regarding draft reports and disclosures or attorney-expert communications.

The Advisory Committee Note further explains that Rule 26(b)(4) "is amended to provide work-product protection against discovery regarding draft expert disclosures or reports and — with three specific exceptions — communications between expert witnesses and counsel."

The Court finds, under the current version of Rule 26, that Plaintiff's objection to Defendant's subpoenas duces tecum is well-taken. Both parties agree that, should the Court find merit in the instant Motion to Quash, that an appropriate remedy is to limit the request at issue to a time period from April 28, 2014, to April 27, 2017.

IT IS, THEREFORE, ORDERED that

A.   the subpoena duces tecum to Andrew M. Dyess shall be complied with in full, with the following amendment:

4. All correspondence received by or sent from you, or anyone acting on your behalf, and Ms. Janet Jordan's counsel or attorney(s), including but not limited to Bill Griffin of Sessums Dallas, PLLC, or anyone acting on their behalf, regarding the property located at 952 South Church Avenue, Louisville, Mississippi, also identified as Highway 15 S W/S City Limits, Louisville, Mississippi, at any time from April 28, 2014, to April 27, 2017.

B. the subpoena duces tecum to Gulf States Claim Services, LLC shall be complied with in full, with the following amendment:

4. All correspondence received by or sent from the company, or anyone acting on its behalf, and Ms. Janet Jordan's counsel or attorney(s), including but not limited to Bill Griffin of Sessums Dallas, PLLC, or anyone acting on their behalf, regarding the property located at 952 South Church Avenue, Louisville, Mississippi, also identified as Highway 15 S W/S City Limits, Louisville, Mississippi, at any time from April 28, 2014, to April 27, 2017.

C. Compliance with the subpoenas duces tecum, as amended by this Order, is required on or before April 4, 2018.

SO ORDERED, this the 2nd day of April, 2018.


/s/ David A. Sanders
UNITED STATES MAGISTRATE JUDGE